IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 Proceedings |
| DANNY LANE KEYS and wife ) | Case No. 215-01650 |
| JANICE D. KEYS, ) | Randal S. Mashburn, Judge |
| ) | |
| Debtors. ) | |
| ) | |
| DANNY LANE KEYS AND ) | |
| JANICE D. KEYS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adv. Pro. No. 215-90132 |
| ) | |
| GLENN AND BEATRICE TERRY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED
## COMPLAINT FOR EQUITABLE SUBORDINATION AND TO DETERMINE PROPERTY OF THE ESTATE, NATURE AND EXTENT OF LIEN, AND FOR DAMAGES

Come now Danny and Janice Keys, hereinafter known as "Plaintiffs" or "Debtors," through counsel, and for Complaint in this cause, would show the following unto the Court:

1. The Plaintiffs are the Debtors in the above-captioned bankruptcy, having filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court on March 13, 2015. All references to the Debtors in this Complaint also reference the Plaintiffs.

2. Glenn and Beatrice Terry (hereinafter known as "Defendants") are secured claimants of the Debtors holding a properly perfected security interest in the Debtors' principal residence located at 80 Timberline Road, Crossville, Tennessee 38571.

1

3. Jurisdiction for this Court to hear this cause of action properly lies with this Court pursuant to 28 U.S.C. 1334, and venue for this Court to hear this cause of action is appropriate pursuant to 28 U.S.C. 1408. This action is a core proceedings as defined by 28 U.S.C. 157.

## FACTUAL BACKGROUND

4. The Debtors had previously been in a Chapter 13 proceeding which was confirmed by the Court and discharged by this Court. The foregoing is the underlying facts relating to the Debtors' problems with the Defendants, to wit:

a) Said case was commenced on August 17, 2012 in the United States Bankruptcy Court for the Middle District of Tennessee, case number 2:12-07578 and was confirmed by this Court on December 26, 2012. The Debtors completed their repayment plan and received their discharge on December 3, 2014, having successfully completing their Chapter 13 plan which paid unsecured creditors a 100% dividend.

b) Prior to the aforementioned Chapter 13 proceeding, the Plaintiffs and Defendants had been involved in extensive litigation. Said controversies were resolved by entry by the attached Agreed Order marked "Exhibit 1" and incorporated herein by reference, which was entered with the Court on November 8, 2012. Said Order is significant that it called upon the Debtors paying a final balloon payment in the amount of $317,481.41 upon entry of the discharge in full satisfaction of the Defendants' claim. Prior to entry of the discharge in the aforementioned Chapter 13 case of the Debtors, the Defendants never obtained relief from the Order marked Exhibit 1, which is now final and non-appealable.

c) Post discharge from December 2014 to the commencement of this case, the Plaintiffs had made arrangements to obtain financing to pay the balloon payment in the amount of

2

$317,481.41, but the Defendants would not agree to the balloon payment ordered by this Court in Exhibit 1, and insisted they were owed significantly more money. As a result of Defendant's bad faith refusal to honor the Court approved payoff, the Plaintiffs have been unable to refinance the property to get away from business dealings with the Defendants.

      d)    On March 3, 2015, the Debtors received the attached letter from Defendants' counsel. Said letter is threatening foreclosure. Said letter is in contempt and violation of the Order of Confirmation, Discharge Order, and Order of Confirmation from the Chapter 13 previously confirmed by this Court and referenced in this case. Said letter is attached hereto, marked "Exhibit 2," and incorporated herein by reference. It is noteworthy that the Defendants wantonly and willfully nearly doubled the payoff amount of $317,481.41 which was mutually agreed by the parties upon entry of the discharge in the prior case. Said prior Chapter 13 petition was confirmed in reliance on the November 18, 2012 Order of this Court marked Exhibit 1.

      5.    In order to stop said foreclosure and/or avoid the assessment of unlawful charges, the Debtors sought relief under Chapter 11 of the Bankruptcy Code which was unnecessary if the Defendants had complied with the terms and conditions of the Order of Confirmation heretofore entered by this Court.

### COUNT NO. 1 – DETERMINATION OF NATURE AND EXTENT OF LIEN AND OF PROPERTY IN THE ESTATE

      6.    The Plaintiffs incorporates by reference the allegations contained in paragraphs 1-5, inclusive, in the Complaint filed in this cause.

      7.    The Plaintiffs seek a determination from this Court whether there is a valid claim of the Defendants and to whom the payments need to be paid and in what amount and a determination of the validity of the amount mutually agreed in the Order marked Exhibit 1 to this Complaint.

## COUNT NO. 2 – EQUITABLE SUBORDINATION OF THE CLAM OF DEFENDANTS PURSUANT TO SECTION 510(c)

8. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-7, inclusive, in the Complaint filed in this cause.

9. Based on actions of the Defendants, the Plaintiffs pray that the claim of the Defendants be subordinated to the interests below that of all claimants in this estate, including the interests of the Debtors, pursuant to Section 510(c) of the Bankruptcy Code.

10. Section 510(c) of the Bankruptcy Code (11 U.S.C. 510(c)), states:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

 (2) order that any lien securing such a subordinated claim be transferred to the estate.

11. For the reasons contained herein, the Plaintiffs pray that the claim of the Defendants be subordinated pursuant to Section 510(c) of the Bankruptcy Code to the interests of all of the claimants of this estate.

## COUNT NO. 3 – CLAIM FOR DAMAGES

12. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-10, inclusive, in the Complaint filed in this cause.

13. As a result of the conduct of the Defendants, the Plaintiffs have been unable to restore their credit and have been forced to seek relief again under Title 11 of the United States Code in order to avail themselves of relief which was provided by the Order of Confirmation heretofore

entered. Accordingly, the Plaintiffs are seeking from each of the Defendants compensatory damages in the amount of One Million Dollars ($1,000,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, the Plaintiffs seek the relief sought herein and for such other relief to which they would be entitled under the premises.

>Respectfully submitted,
>
>LEFKOVITZ & LEFKOVITZ
>
>**/S/ STEVEN L. LEFKOVITZ**
>Steven L. Lefkovitz, No. 5953
>Attorney for Debtors/Plaintiffs
>618 Church Street, Suite 410
>Nashville, TN 37219
>Phone: (615)256-8300
>Fax: (615) 255-4516
>Email: slefkovitz@lefkovitz.com

## **VERIFICATION**

We, Danny Keys and Janice Keys, hereby certify under the penalties of perjury that the foregoing is true and correct to the best of our knowledge, information, and belief.

>**/S/ DANNY KEYS**
>Danny Keys
>Debtor/Plaintiff
>
>**/S/ JANICE KEYS**
>Janice Keys
>Debtor/Plaintiff

5

Case 2:15-ap-90132    Doc 3    Filed 03/18/15    Entered 03/18/15 18:33:35    Desc Main
Document      Page 5 of 10

Randal S. Mashburn
U.S. Bankruptcy Judge
Dated: 11/08/12

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: DANNY LANE KEYS, <br> DBA Honey-Do Handyman Services; <br> DBA Timberline Resort; FDBA DIAN – DAN ENTERPRISES, LLC. <br> and <br> JANICE DIANE KEYS, <br> DEBTOR(S) <br> 80 TIMBERLINE ROAD <br> CROSSVILLE, TN 38571 <br> XXX-XX 8108   XXX-XX-0264 | 12-07578-2RM-13 <br><br> Chapter 13 |

## AGREED ORDER

Debtors having filed a motion to extend the Automatic Stay and Glenn and Beatrice Terry (aka Bea), hereafter called Creditors, having filed an objection to this motion; Creditors have also filed an Objection to Debtors Chapter 13 Plan; Debtors having filed an Adversary No. 12-90477 for removal of a State Law Action filed in Cumberland County Tennessee; and an Adversary No. 12-90494, seeking relief by Equitable Subordination of Creditors Claim. Debtors and Glenn and Beatrice Terry have agreed to resolve all pending issues between the parties in this Agreed Order:

It is agreed as evidenced by the signatures Affixed below that the Parties Agree:

1. The Claim of Glenn and Beatrice Terry in the amount of $675,000.00 shall be allowed as a Secured Claim and paid in the following manner; Claim shall be allowed as a continuing Long Term Payment, The monthly payment shall be paid each and every monthly in the amount of Eight Thousand Two Hundred and Fifty Dollars ($8,250.00) per month for 60 months. The Debtors monthly Chapter 13 payment must be paid with good funds on or before the Twentieth day of the month, each and every month. Failure to make this payment timely shall constitute default. The remaining outstanding balance of the Claim shall be due and payable as a balloon payment in the amount of Three Hundred and Seventeen Thousand Four Hundred and Eighty One Dollars and Forty One Cents ($317,481.41). The balloon Payment shall be Due in full on the 1st day of Month following Discharge of Debtors Chapter 13 and shall be deemed in default if not received by the 10th day of the month that the payment was due. The payment must be made with certified funds and made payable to Glenn and Beatrice Terry at 1235 Ski Mountain Rd #605, Gatlinburg, TN 37738; or any other location which Glenn and Beatrice Terry's so designate. Said change of address must be provided to the Debtors at least 60 days prior to the Due Date and shall be deemed delivered if sent via Certified

Mail. Parties Agree that this agreement shall not Alter the Rights or Remedies of the Creditors as it pertains to the terms and conditions of the original note and deed of trust. The claim amount and payment schedule is a compromise and only applicable to this current Bankruptcy Case, and if the Bankruptcy is not successfully completed this repayment arrangement is null and void and the parties will rely on the terms and conditions of the original note.

2. The Debtors agree that they shall keep the Fire and Casualty Insurance and Property Taxes Current on the property Secured by the Creditors. The Policy Limits of said Insurance shall be in the amount no less than the amount currently in existence at the commencement of this bankruptcy and shall name Glenn and Beatrice Terry shall be listed as loss payee. If the Property Taxes are not paid when due or Insurance lapses, this shall constitute a default in the Debtors Chapter 13 Plan.

3. All State Law Litigation commenced by the Debtors against Glenn and Beatrice (aka Bea) Terry; Peter and Sandra Jolas; John and Carolyn Hick; Roger Hendrix and Rick Miller shall be Dismissed.

4. All Claims or Adversary's filed by the Debtors with regard to and or against Glenn and Beatrice (aka Bea) Terry; Peter and Sandra Jolas; John and Carolyn Hick; Roger Hendrix and Rick Miller the pending Chapter 13 Shall be Dismissed.

5. All Objections by either parties in this pending Bankruptcy will be withdrawn.

6. All parties shall refrain from any and all disparaging remarks about the other parties.

7. Parties shall not be permitted to communicate directly with each other without the permission of all parties and their Attorneys. Any and all communications shall be through the parties Attorneys.

8. Debtors shall be prohibited from taking any actions that would cause a diminution of the property values.

9. The Automatic Stay shall stay in effect until disposition of this case.

10. All Escrowed Funds in Creditor's Attorney account that were required by State Court for injunctive relief shall be released to Creditor, Glenn and Bea Terry. These funds have been accounted for in the calculation of the Claim amount in paragraph 1.

11. The Monies held in Cumberland County Chancery Court Registry for adequate protection shall be released to the Creditors as adequate protection for diminution of property values shall be released to the Glenn and Beatrice Terry.

12. Debtors shall remain current in all Chapter 13 payments. Debtors failure to make their monthly payment, with good funds, to the Chapter 13 Trustee by the Twentieth of the month shall constitute default.

13. Should the Debtors default in any provision of this Order, then the Terry's shall be able to file a notice of Default with the Clerk of Court and the Debtors shall have ten (10) day to cure the Default. If Debtors do not cure the default within ten (10) days then upon notice from the Creditor, the Court shall Automatically Grant Relief From the Automatic Stay Provision and Creditors Shall be able to enforce any and all state law rights and remedies which they are entitled to which may include but is not limited to foreclosure.

**IT IS SO ORDERED.**

APPROVED FOR ENTRY:   *This Order was signed and entered electronically as*

/S/ Howard G. Pick   *indicated at the top of the first page*
Howard G. Pick, Attorney for Movants
PO Box 3285
Crossville TN 38557
(931) 456-8999  (931) 456-8989 fax
HGPick@citlink.net

Agreed to:

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz
Attorney For Debtors
618 Church St Ste. 410
Nashville, TN 37219
(615) 256-8300  (615) 255-4516 FAX
slefkovitz@lefkovitz.com

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

# Fields & Tollett
## Association of Attorneys

**EXHIBIT 2**

C. Douglas Fields
Attorney at Law

Kelly A. Tollett
Attorney at Law



18 East Street
Crossville, TN 38555
(931) 456-4541

Fax:(931) 456-5747

March 3, 2015
*Certified & Regular Mail*

Danny & Diane Keys
Pandora's Forest Resort & Club
80 Timberline Rd.
Crossville, TN 38571

    Re: *Promissory Note dated June 16, 2009 and modified by Agreed Bankruptcy Order 2012*

Dear Mr. and Mrs. Keys:

    I represent Glenn and Beatrice Terry, who are the true and lawful holders and owners of a Promissory Note executed by you, dated June 16, 2009, in the amount of $630,000.00 that was secured by a Deed of Trust of record in Book 1320, Page 1671, Register's Office, Cumberland County, Tennessee and a fixture filing also recorded in Book 1320, Page 1675.

    As you recall, you filed and received assistance in bankruptcy court, chapter 13 case where you entered an agreed order with payments starting in 2012 which modified the payment terms and lowered the rate of interest from 6.5% to 5%. This agreed order set a fixed monthly payment and a fixed balance to be paid after sixty installment payments, all of which was due on the first day of the month after a discharge of that case.

    Pursuant to the terms of the original note and/or the agreed order, you are in default of those payments. Under both the note and agreed order, full and final payment on the respective balances are past due for payment.

    The Terry's would hereby demand full payment within the next ten (10) days to avoid foreclosure action on the property. The Terry's would make their demand consistent with the bankruptcy agreed order for a present amount due of Six Hundred Twenty Two Thousand, Seven Hundred Thirty-One Dollars and Forty-One Cents ($622,731.41). My clients feel this sum is less than the accrued balance under the note which would include late charges and interest at the higher rate of 6.5% plus attorney fees of 15%.

    Your note and deed of trust allow for collection of attorney's fees calculated at 15% of the balance due. This would be Ninety-Three Thousand, Four Hundred, Nine Dollars and Seventy-One Cents ($93,409.71). My clients would only seek actual attorney fees incurred at this time or about $500.00 in order to wrap this up.

The total amount with attorney fees is $623,231.41. Payment can be made by cashier's check payable to Glenn and Beatrice Terry. Please contact me if you propose a different form of payment. There will be no per diem charges added to the balance at this time.

If payment is not made as demanded, I will commence foreclosure of the deed of trust and fixture filing. If you have some other proposal to resolve this matter that you would like my clients to consider, please submit that promptly. Please do not view that as an indication something other than full payment is acceptable at this time.

Sincerely,

C. Douglas Fields
Attorney at Law

CDF/md
cc: Glenn & Bea Terry